[Docket No. 1]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

SOUMPHONPHAKDY,

Plaintiff,

v.

SHIELDS, *et al.,*

Defendants.

Civ. A. No. 26-952
(RMB/MJS)

**MEMORANDUM OPINION & ORDER**

**THIS MATTER** comes before the Court upon the Complaint and Application to Proceed *in forma pauperis* ("IFP") [Docket No. 1] by *pro se* Plaintiff Khongsana Soumphonphakdy ("Plaintiff").

Pursuant to Local Civil Rule 54.3, "the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed . . . unless the fee is paid in advance." Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

A court may permit a litigant to proceed without prepayment of fees if he submits a proper IFP application and establishes that he is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1). Courts within the Third Circuit only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 Fed. Appx. 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of

[his] suit." *Hurst v. Shalk*, 659 Fed. Appx. 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status bears the burden "to provide the Court with the financial information it needs to make a determination as to whether he qualifies for IFP status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (cleaned up). "[A] plaintiff must state the facts concerning [his] poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 Fed. Appx. 353, 355 (3d Cir. 2011)).

Here, Plaintiff did not pay the requisite filing fee nor submit an accurate application to proceed *in forma pauperis*. The application submitted is not the form required by the District of New Jersey but instead appears to be a form used by the New Jersey Judiciary. [Docket No. 1-2.] Plaintiff must complete and submit the proper form.

In addition, the Court notes that even if Plaintiff files the proper IFP form, or the full filing fee or any part of it has been paid, the Court must dismiss the case if it

finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions). The Court cautions Plaintiff that to the extent Plaintiff is seeking review of a state court decision, under Rooker-Feldman, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate ... claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *Marks v. Stinson*, 19 F.3d 873, 885 n.11 (3d Cir. 1994). In addition, the Court notes that Plaintiff's claims may be subject to claim or issue preclusion.[1]

**ACCORDINGLY, IT IS HEREBY** on this **15th** day of **October 2026**,

**ORDERED** that Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE**; and it is further

[1] Under the doctrine of collateral estoppel (also referred to as 'issue preclusion'), a litigant can be prohibited from relitigating an issue that was previously put in controversy and "actually litigated," *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007), even if the other litigants were not party to the earlier proceeding, *Szehinskyj v. Att'y Gen.*, 432 F.3d 253, 255 (3d Cir. 2005). Federal courts must give the state-court judgment "the same preclusive effect as would be given the judgment by a court of that state." *James v. Heritage Valley Federal Credit Union,* 197 F. App'x 102, 105 (3d Cir. 2006). *Res judicata* determines whether a state court judgment has preclusive effect in a subsequent federal action. *Sheldrick v. Wells Fargo Bank, N.A.*, 2016 WL 7325473, at *6–7 (D.N.J. Dec. 16, 2016). Three elements establish preclusive effect: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007).

**ORDERED** that the Clerk shall administratively terminate[2] this matter, subject to reopening upon the payment of the filing fee or submission of a completed proper IFP application; and it is further

**ORDERED** that the Clerk shall provide Plaintiff with a blank application to proceed *in forma pauperis*, AO-239-(Rev.01/15); and it is further

**ORDERED** that, within thirty (30) days of the entry of this Order, Plaintiff shall either pay the requisite $405 filing fee or submit a properly completed IFP application; and it is further

**ORDERED** that, if Plaintiff fails to timely pay the filing fee or timely submit a completed IFP application, the Court intends to close the file in this matter without further notice and subject to reopening only upon good cause shown; and it is finally

**ORDERED** that the Clerk of the Court shall, notwithstanding Plaintiff's consent to receive documents electronically, **MAIL** a copy of this Memorandum Opinion and Order to Plaintiff via regular U.S. mail and **NOTE** the completion of same on the docket.

**s/Renée Marie Bumb**
**RENÉE MARIE BUMB**
Chief United States District Judge

DATED: October 15, 2026

[2] Administrative termination is merely a "docket control device and not an order for dismissal or a decision on the merits." *Chan v. Boardwalk 1000, LLC*, 2021 WL 4306828, at *5 n.64 (D.N.J. Sept. 22, 2021) (collecting cases). Nor does it deprive this Court of jurisdiction over this matter. *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).